Filed 5/16/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RAYSHAUN HUDSON,<br><br>      Defendant and Appellant. | A147910<br><br>(Solano County<br>Super. Ct. No. VCR223074) |

Appellant Rayshaun Hudson stole an automobile from a dealer's service garage by taking it without permission and driving it out the exit.  One of the dealer's employees unsuccessfully attempted to pull appellant out of the moving vehicle.  Convicted of carjacking, appellant argues the trial court's instruction to the jury on the definition of "force" impermissibly allowed the jury to find that the momentum of the car as appellant exited the showroom satisfied the statutory requirement.  Because the momentum of the car was sufficient force to support the conviction, we affirm.

PROCEDURAL BACKGROUND

In March 2015, the Solano County District Attorney filed an information charging appellant with carjacking (Pen. Code, § 215, subd. (a))[1] and second degree commercial burglary (§ 459).  In May, a jury found appellant guilty on both counts.

In March 2016, the trial court imposed the high-term of 9 years for carjacking and stayed the sentence for second-degree burglary under section 654.  The court suspended the sentence and placed appellant on probation for 3 years.

---

[1] All undesignated statutory references are to the Penal Code.

FACTUAL BACKGROUND

On February 14, 2015, appellant visited a car dealership in Vallejo. The dealership's sales manager suspected appellant had taken the key fob of a dealership car because the key fob appellant returned to a salesperson (apparently after a test drive) did not start the car. Following a confrontation about the key fob, appellant left the dealership. The car was moved to the service garage to be re-keyed. The car was parked facing a wall with the garage exit behind.

Later that day, appellant returned to the dealership and approached the car in the service garage. He told a salesperson he had lost his cell phone and the salesperson permitted him to search for the phone inside the car. The salesperson asked another dealership employee, Angel Ruiz-Maldonado, to keep an eye on appellant.

Mr. Ruiz-Maldonado was standing behind the car and he heard the engine start. He slammed his hands on the trunk and said, "Hey. Stop. What are you doing, man?" He moved so he would not get hit by the car reversing and then ran around to the driver's-side door. With the car now moving in reverse, Mr. Ruiz-Maldonado grabbed the door and opened it. He tried to grab appellant, but failed due to the movement of the car. The edge of the car door hit Mr. Ruiz-Maldonado's arm, leaving a small mark.

Appellant continued in reverse and exited the garage at about 5 to 10 miles per hour. Appellant was subsequently detained on the freeway by police.

DISCUSSION

Appellant contends the trial court's instruction on the quantum of force required for a conviction of carjacking permitted the jury to find him guilty without finding he used force "in excess of that necessary to take the car." The trial court did not err.

I.    *Background*

The prosecutor requested that the trial court supplement the jury instruction on carjacking (CALCRIM 1650) with a definition of force. He asked that the following sentence be added to the instruction: "Force, as used here, means force actually sufficient to overcome the victim's resistance." Defense counsel objected; she took the position it was unnecessary to define the term. In the alternative, she argued the jury should be

2

instructed that "[The] 'force' . . . required for carjacking is more than just the quantum of force which is necessary to accomplish the mere seizing of the property." Defense counsel also suggested that, if the court was inclined to accept the prosecutor's definition, the court should give the jury both definitions.[2]

The trial court instructed the jury on carjacking in the language of CALCRIM No. 1650, stating in part that one of the elements of carjacking was that "[t]he defendant used force or fear to take the vehicle or to prevent that person from resisting." The court gave a "Definition of Force" instruction that combined both parties' definitions: "The force required for carjacking is more than just the quantum necessary to accomplish the mere seizing of the property, the force must be sufficient to overcome the victim's resistance." (Capitalization altered.)

During his closing, most of the prosecutor's argument on force was focused on the formulation he proposed to the court. For example, he argued, "I showed you the elements, force or fear was used. You don't need to hurt anybody. You don't need to bludgeon anybody. If you use the amount of force necessary to overcome someone's resistance to prevent that confrontation to engage someone, that is enough."

II.    *Analysis*

Section 215, subdivision (a) defines "[c]arjacking" as "the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear." Although there are "significant differences between the crimes of carjacking and robbery," "the carjacking statute's language and legislative history . . . demonstrate that carjacking is a direct offshoot of robbery and that the Legislature modeled the carjacking statute on the robbery statute. The definition in the carjacking statute (§ 215, subd. (a)) tracks the language in the robbery statute (§ 211). 'Both involve "the felonious

---

[2] We reject respondent's contention that appellant forfeited his objection to the definition proffered by the prosecutor.

3

taking" of property that is "in the possession of another" person.  Both require that the taking be from the "person or immediate presence" of the person.  Both are "accomplished by means of force or fear." ' " (*People v. Lopez* (2003) 31 Cal.4th 1051, 1058–1059; see also *People v. O'Neil* (1997) 56 Cal.App.4th 1126, 1131 (*O'Neil*).)

Accordingly, we look to interpretations of the force requirement in the robbery context in construing the requirement in the carjacking context.  (See *People v. Lopez* (2017) 8 Cal.App.5th 1230, 1234 (*Lopez*); see also *People v. Lopez*, *supra*, 31 Cal.4th at pp. 1060–1061.)  In *People v. Anderson* (2011) 51 Cal.4th 989, the California Supreme Court, in concluding that "intent to cause the victim to experience force or fear" is not an element of the offense of robbery, stated, "The law does require that the perpetrator exert some quantum of force in excess of that 'necessary to accomplish the mere seizing of the property.' " (*Id.* at p. 995; quoting *People v. Morales* (1975) 49 Cal.App.3d 134, 139; accord *People v. Garcia* (1996) 45 Cal.App.4th 1242, 1246, disapproved on another ground in *People v. Mosby* (2004) 33 Cal.4th 353; see also *People v. Wright* (1996) 51 Cal.App.4th 818, 210 ["must be a quantum more than that which is needed merely to take the property from the person of the victim"].)  In *People v. Burns* (2009) 172 Cal.App.4th 1251, the Court of Appeal discussed the *Morales* formulation of the quantum of force required for robbery, but also stated, "An accepted articulation of the rule is that '[a]ll the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance . . . .' " (*Burns*, at pp. 1258–1259 [citing several older court of appeal decisions].)  The Supreme Court in *Anderson* cited *Burns* as a case in "accord" with *Morales*' characterization of the force requirement.  (*Anderson*, at p. 995.)

We note that section 215, subdivision (a) does not define the degree of force required to support a conviction for carjacking and the standard instruction on carjacking (CALCRIM No. 1650) does not define the force requirement.  We need not and do not address whether the trial court was obligated upon request to supplement the instruction to define the degree of force required to support a conviction.  (See *People v. Anderson* (1966) 64 Cal.2d 633, 640 ["The terms 'force' and 'fear' as used in the definition of the

4

crime of robbery have no technical meaning peculiar to the law and must be presumed to be within the understanding of jurors."]; *People v. Sullivan* (2007) 151 Cal.App.4th 524, 544 ["The requirement of use of force or fear has no technical meaning which must be explained to jurors, but rather the terms articulated in the [robbery] statute have established common meaning."].)

Appellant makes two arguments on appeal. First, he contends that, by instructing the jury that force sufficient to overcome the victim's resistance was enough, the trial court permitted the jury to convict him of carjacking without finding he used more force than necessary to seize the car he drove out of the dealership's service garage. Appellant reasons that the *Burns* formulation of the force requirement is an invalid theory of carjacking because the force of a moving vehicle will always be sufficient to overcome a victim's resistance, even if the driver in no way alters his manner of driving in order to retain possession of the car. Thus, appellant argues, a perpetrator may use no more force than required to take a car but still overcome a victim's resistance. In contrast, a perpetrator of robbery confronted with resistance from a victim will typically need to apply some additional force by, for example, pulling harder to obtain a purse or pushing the victim.

In *Lopez*, the Second District relied on similar reasoning but reached a conclusion *opposite* from that which appellant proposes: *Lopez* concluded the *Burns* formulation of the force requirement is the *proper* formulation in the carjacking context. (*Lopez*, *supra*, 8 Cal.App.5th at pp. 1236–1237.) In that case, the defendant, while the victim was moving a shopping cart out of a parking space, entered the driver's seat of the victim's car and started to back the car up. (*Id.* at pp. 1232–1233.) The defendant continued to back up despite the pleading of the victim, who was banging on the window and holding onto a door handle. (*Id.* at p. 1233.) The victim testified the defendant reversed the car quickly, causing the car's tires to squeal, and then sped away. (*Ibid.*) On appeal, the defendant claimed insufficient evidence supported the carjacking conviction. (*Ibid.*) The Court of Appeal disagreed, pointing to the evidence the defendant drove "faster than necessary simply to move the vehicle" and, thus, "accomplish[ed] the taking with more

5

force than was necessary to take the property." (*Id.* at p. 1236.)  The court also concluded the evidence supported the carjacking conviction "[e]ven absent evidence of fast driving."  (*Ibid.*)  The Second District observed, as appellant also observes in the present case, that the amount of force required "to lift the property and carry it off" in a carjacking may be identical whether a victim resists or not.  (*Ibid.*; see also *ibid.* ["Given the power of even a slow-moving vehicle, a thief attempting to drive the car away need not apply additional force to shake off a victim trying to stop the car from moving."].)  *Lopez* concluded the *Burns* formulation—under which "a victim's physical resistance will convert a theft into a robbery, regardless of the amount of force involved"—is the "more appropriate" rule in carjacking cases.  (*Lopez*, at pp. 1236–1237.)  In reaching that conclusion, the court emphasized the additional risk of harm presented to a victim where a perpetrator overcomes a victim's resistance.  (*Id.* at p. 1237.)  The court ultimately held "that a perpetrator accomplishes the taking of a motor vehicle by means of force, as defined under section 215, when the perpetrator drives the vehicle while a victim holds on or otherwise physically attempts to prevent the theft."  (*Ibid.*)

We agree with the holding in *Lopez*.  The facts in the present case are different in one significant respect because in *Lopez* there was evidence the defendant drove fast, causing the vehicle's tires to squeal, while there is no evidence appellant drove "forcefully" in exiting the dealership garage.  Nevertheless, the holding in *Lopez* literally encompasses the present case, because appellant did "drive[] the vehicle while" Mr. Ruiz-Maldonado "physically attempt[ed] to prevent the theft."  (*Lopez*, *supra*, 8 Cal.App.5th at p. 1237.)  Thus, *Lopez* provides sufficient basis to reject appellant's first contention: Appellant contends the trial court erred in permitting the jury to convict him of carjacking without finding he used the quantum of force required by the *Morales* formulation (more force than necessary to seize the property), but *Lopez* holds a finding the perpetrator overcame the victim's resistance is sufficient to support a carjacking conviction.

Second, appellant contends that, as a matter of law, the evidence in the present case was inadequate to support a conviction under the *Morales* formulation of the force

6

requirement.[3] The reasoning in *Lopez* appears to support this contention. As we understand the decision, *Lopez* takes the position the *Morales* formulation is inappropriate in the carjacking context because often the only force applied will be the momentum of the car. (*Lopez*, *supra*, 8 Cal.App.5th at p. 1236.) *Lopez* appears to assume that a perpetrator who peacefully seized a car and then overcame the resistance of a victim by driving off at a normal rate of speed would *not* be guilty of carjacking under the *Morales* formulation of the force requirement. To the extent the decision reflects that understanding, we disagree.

" 'The taking element of robbery has two necessary elements, gaining possession of the victim's property and asporting or carrying away the loot.' " (*People v. Hill* (1998) 17 Cal.4th 800, 852 (*Hill*).) A theft becomes a robbery if the property of another was "peacefully acquired, but force or fear was used" in carrying the property away. (*Anderson*, *supra*, 51 Cal.4th at p. 995; see also *ibid.* [citing cases supporting the proposition that "the requisite forcible act may be an act committed after the initial taking if it is motivated by the intent to retain the property"].)[4] The same principle applies in the carjacking context: "Just as a 'mere theft becomes robbery if the perpetrator, having gained possession of the property without use of force or fear, resorts to force or fear while carrying away the loot' [citation], so mere vehicle theft becomes carjacking if the perpetrator, having gained possession of the motor vehicle without use of force or fear, resorts to force or fear while driving off with the vehicle." (*O'Neil*, *supra*, 56 Cal.App.4th at p. 1131.) In the present case, appellant's seizure of the car—climbing into

[3] Because the California Supreme Court in *Anderson* approved the *Morales* formulation in robbery cases, we assume for purposes of the present decision that any definition of the force requirement included in jury instructions must not permit a jury to convict a defendant of carjacking absent use of force in excess of that necessary to seize the vehicle. As explained herein, however, we conclude the *Burns* formulation of the force requirement encompasses the *Morales* test.

[4] "To satisfy the asportation requirement for robbery, 'no great movement is required, and it is not necessary that the property be taken out of the physical presence of the victim.' [Citation.] '[S]light movement' is enough to satisfy the asportation requirement." (*Hill*, *supra*, 17 Cal.4th at p. 852.)

7

the driver's seat and starting the car with the stolen fob—was peaceful. However, once Mr. Ruiz-Maldonado resisted the theft by telling appellant to stop, banging on the trunk, and opening the driver's door, the movement of the car was actual force applied by appellant to overcome the victim's resistance. This was force in excess of that " 'necessary to accomplish the mere seizing of the property.' " (*Anderson*, *supra*, 51 Cal.4th at p. 995.) Appellant fails to explain why the fact that a perpetrator in appellant's circumstances will almost always succeed in overcoming a victim's resistance means that such force may not be considered force in excess of that necessary to seize the car. Appellate courts in other states that have considered similar applications of force (albeit in the context of robbery charges) have not hesitated in treating the movement of a car as an application of force like any other. (See *People v. Rivera* (N.Y.App.Div. 2007) 42 A.D.3d 587, 589 ["Using a vehicle to, in essence, push a victim away is analogous to using physical force in a one-on-one confrontation to overcome resistance to the stealing of property."]; *State v. Hawkins* (Fla.Dist.Ct.App. 2001) 790 So.2d 492, 495 ["We believe that the jury reasonably found that [the defendant's] act of driving the truck, while [the victim] was hanging onto the side resisting the theft, was an act of force intended, in part, to overcome resistance to the taking."].)

In his opening brief, appellant characterizes *Anderson* as requiring force in excess of that required to "take" the property and appears to suggest that to support a carjacking conviction in the present case the force applied must have been in excess of that required to drive the car out of the dealership's service garage. The *Lopez* decision also appears to reflect the same understanding of *Anderson*. (*Lopez*, *supra*, 8 Cal.App.5th at p. 1236.) However, *Anderson* and the other cases cited above refer to the " 'mere seizing of the property' "; the cases do not state the force applied must be in excess of that required to escape with the property. (See, e.g., *Anderson*, *supra*, 51 Cal.4th at p. 995; *Morales*, *supra*, 49 Cal.App.3d at p. 139.)[5] As we understand the *Burns* formulation, any force

---

[5] *Anderson* does state in discussing the force element, "defendant drove Pamela's car with more force than necessary to move it to a place of safety." (*Anderson*, *supra*, 51 Cal.4th at p. 995; see also *Lopez*, *supra*, 8 Cal.App.5th at p. 1236.) However, we do not

sufficient to overcome a victim's resistance will necessarily be more force than required to seize the property. That is, if a victim resists during the initial seizure, the force applied is necessarily more than required to seize the property absent resistance; and, if a victim does not resist at the time of seizure, force applied to overcome subsequent resistance is force in excess of that required to effect the initial seizure. Accordingly, the *Burns* formulation encompasses the *Morales* formulation, and the trial court's instruction did not permit the jury to convict without at least an implied finding that appellant used more force than necessary to accomplish the mere seizing of the vehicle. And, despite appellant's argument to the contrary, the evidence in this case is sufficient to support that finding.

In appellant's reply brief, he appears to concede that force used to retain control of a vehicle after an initial seizure may be sufficient to sustain a carjacking conviction, but he argues the force cannot be the movement of the car itself. This argument reflects a misunderstanding of the law as it applies to our facts. Appellant *seized* the vehicle when he gained control of it by using the stolen fob to start it. (See *People v. Duran* (2001) 88 Cal.App.4th 1371, 1377 [" ' *A taking occurs when the offender secures dominion over the property* while a carrying away requires some slight movement of the property." ' "].) The subsequent movement of the car provided evidence the jury could rely on to convict him under *Morales*, which requires only force in excess of that required to seize the vehicle. Appellant also argues a formulation of the force requirement permitting a conviction based on the force applied by the momentum of the car alone is "absurd" because it transforms an auto theft offense "into a carjacking . . . regardless of the perpetrator's actions, intentionally or accidentally, that would constitute additional

_____

understand that to mean the " 'mere seizing of the property' " (*Anderson*, at p. 995) includes the entire duration of the robbery, such that the force applied must be in excess of that required to both seize the stolen property and transport it to a place of safety. The cases *Anderson* cites, *Morales* and *Burns*, are purse snatching cases where the "seizure" is plainly the perpetrator's initial act of taking possession of the victim's property. (*Morales*, *supra*, 49 Cal.App.3d at p. 139; *Burns*, *supra*, 172 Cal.App.4th at p. 1259; see also *People v. Church* (1897) 116 Cal. 300, 303 ["Grabbing or snatching property from the hand has often been held to be grand larceny, and not robbery."].)

9

force." However, in *Anderson*, the Supreme Court held a robbery conviction does not require a showing that the defendant's "act of force or intimidation was motivated by an intent to apply force against the victim or to cause the victim to experience fear." (*Anderson*, *supra*, 51 Cal.4th at p. 995.) That is, the willful application of force in effecting an escape is key, rather than the perpetrator's intent to apply force against a victim. Furthermore, a perpetrator confronted by a victim's resistance always has the option of abandoning the theft. Thus, a perpetrator who decides to continue to drive away, with the application of force inherent in doing so, creates an additional risk of harm to a victim. Imposing additional punishment on such a person is not absurd. (See *Lopez*, *supra*, 8 Cal.App.5th at p. 9.)

DISPOSITION

The judgment is affirmed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

(A147910)

11

Superior Court of Solano County, No. VCR223074, Hon. James Moelk, Judge.

Jonathan Soglin and Kevin King, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Bruce M. Slavin and Allan Yannow, Deputy Attorneys General, for Plaintiff and Respondent.