**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO SOLORIO-RUIZ, AKA Alejandro Cervantes-Calderon, AKA Manuel Ortiz Espinosa, AKA Mark Anthony Lopez, AKA Robert Salazar, <br> *Petitioner*, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br> *Respondent.* | No. 16-73085 <br><br> Agency No. A034-223-887 <br><br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2017
San Francisco, California

Filed January 29, 2018

Before:  Susan P. Graber and N. Randy Smith, Circuit
Judges, and Jennifer G. Zipps,[*] District Judge.

Opinion by Judge Graber

---

 [*] The Honorable Jennifer G. Zipps, United States District Judge for
the District of Arizona, sitting by designation.

## SUMMARY[**]

### Immigration

The panel granted Roberto Solorio-Ruiz's petition for review of the Board of Immigration Appeals' decision, holding that his conviction for carjacking under California Penal Code § 215(a) is not a crime of violence aggravated felony under 8 U.S.C. § 1101(a)(43)(F) that made him ineligible for relief from removal, and remanded for the agency to determine whether the conviction is a theft offense aggravated felony under 8 U.S.C. § 1101(a)(43)(G).

The panel held that *Nieves-Medrano v. Holder*, 590 F.3d 1057 (9th Cir. 2010), which squarely held that a conviction for carjacking under California Penal Code § 215 is categorically a crime of violence under 8 U.S.C. § 1101(a)(43)(F), cannot stand in light of *Johnson v. United States*, 559 U.S. 133, 140 (2010), which held that the physical force that a crime of violence entails must be "violent force—that is, force capable of causing physical pain or injury to another person." Examining California case law, the panel concluded that, because the California carjacking statute does not require the violent force that *Johnson* demands, the statute is not a crime of violence.

Because the Board did not consider the immigration judge's alternate holding that Solorio-Ruiz's carjacking conviction qualifies as a theft offense aggravated felony

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

under 8 U.S.C. § 1101(a)(43)(G), the panel remanded for the Board to consider that issue in the first instance.

## COUNSEL

Jayashri Srikantiah (argued), Supervising Attorney; Brittany Benjamin (argued) and Adam Hersh (argued), Certified Law Students; Immigrants' Rights Clinic, Mills Legal Clinic, Stanford Law School, Stanford, California; for Petitioner.

Melissa K. Lott (argued), Trial Attorney; Melissa Neiman-Kelting, Assistant Director; Chad A. Readler, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

GRABER, Circuit Judge:

Petitioner Roberto Solorio-Ruiz, a native and citizen of Mexico, petitions for review of a final order of removal. Petitioner stands convicted of carjacking in violation of California Penal Code § 215(a). An immigration judge ("IJ") ruled that Petitioner's crime of conviction is an aggravated felony, making him ineligible for relief from removal, because (1) the carjacking offense is a crime of violence, and (2) the carjacking offense is a theft offense. The Board of Immigration Appeals ("BIA") affirmed on the first ground and did not reach the second. We review de novo whether a particular conviction under state law counts as a removable offense. *Arrellano Hernandez v. Lynch*, 831 F.3d 1127, 1130

(9th Cir. 2016), *cert. denied*, 137 S. Ct. 2180 (2017). For the reasons that follow, we hold that a California conviction under section 215(a) does not qualify as a crime of violence. We grant the petition to that extent and remand the case to the BIA to decide, in the first instance, whether Petitioner's offense qualifies as a theft offense.

FACTUAL AND PROCEDURAL BACKGROUND

In 1995, a California jury convicted Petitioner of carjacking in violation of California Penal Code § 215(a), and evading a police officer in violation of California Vehicle Code § 2800.2. Petitioner was sentenced to 10 years' imprisonment on the carjacking charge and to one year and four months on the evading charge, plus enhancements that made the total sentence of confinement 21 years and four months. Thereafter, the government sought to remove Petitioner on the ground that the carjacking conviction is an "aggravated felony" within the meaning of 8 U.S.C. § 1227(a)(2)(A)(iii). The government advanced two theories: that Petitioner committed a "crime of violence," 8 U.S.C. § 1101(a)(43)(F), and that he committed a "theft offense," *id.* § 1101(a)(43)(G).

After a series of proceedings concerning Petitioner's representation and citizenship status, the details of which are not relevant to the issues before us, the IJ ruled that Petitioner is removable. But the IJ continued the hearing to allow Petitioner to file an application for relief from removal. Petitioner submitted an application for relief under *former* 8 U.S.C. § 1182(c) ("§ 212(c) waiver"), which was available to lawful permanent residents who had been lawfully domiciled in the United States for seven consecutive years. *See INS v. St. Cyr*, 533 U.S. 289, 326 (2001) (holding that a

§ 212(c) waiver remains available in certain circumstances); *In re Abdelghany*, 26 I. & N. Dec. 254 (B.I.A. 2014) (discussing eligibility for a § 212(c) waiver).

The government then moved to pretermit the application, arguing that Petitioner was ineligible for a § 212(c) waiver. A § 212(c) waiver is not available if the applicant served an aggregate of more than five years of imprisonment for an aggravated felony. Petitioner concededly served a sentence of more than five years for the carjacking offense, but he disputed the government's contention that carjacking qualifies as an aggravated felony. The IJ granted the government's motion on the ground that the carjacking statute qualified as a crime of violence and as a theft offense.

Petitioner timely appealed to the BIA. He challenged both categorizations of his conviction. The BIA held that the carjacking offense is a crime of violence and dismissed the appeal on that ground. The BIA did not reach the question whether the crime of conviction qualifies as a theft offense. Petitioner timely sought review in this court.

## DISCUSSION

A. *Crime of Violence*

We must begin with *Nieves-Medrano v. Holder*, 590 F.3d 1057, 1058 (9th Cir. 2010) (order), which squarely held that "a conviction for carjacking under California Penal Code § 215 is categorically a 'crime of violence' under 8 U.S.C. § 1101(a)(43)(F)." If *Nieves-Medrano* remains good law, that is both the beginning and the end of the case.

But we are bound by "intervening higher authority"; if a later, controlling authority is "clearly irreconcilable" with our earlier precedent, we "should reject the prior circuit opinion as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). In 2010, the United States Supreme Court issued *Johnson v United States*, 559 U.S. 133, 140 (2010), which held that the physical force that a crime of violence entails[1] must be "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson* altered our understanding of *how violent* a crime must be to qualify as a crime of violence. *See United States v. Geozos*, 870 F.3d 890, 901 (9th Cir. 2017) (holding, directly contrary to a pre-*Johnson* memorandum disposition in the same case, that a robbery conviction under section 812.13(1) of the Florida Statutes did not, under *Johnson*, categorically qualify as a violent felony).

*Nieves-Medrano* cannot stand in light of *Johnson*. In *Nieves-Medrano*, we said nothing about the level of violence required to violate California Penal Code § 215(a). Instead, we rested our decision entirely on *United States v. Becerril-Lopez*, 541 F.3d 881, 893 (9th Cir. 2008), in which we held that robbery under section 211 was categorically a crime of violence under the Sentencing Guidelines. *Nieves-Medrano*, 590 F.3d at 1057–58. *Becerril-Lopez*, too, lacks an analysis of the level of violence required to commit California

---

[1] Title 8 U.S.C. § 1101(a)(43)(F) incorporates the "crime of violence" definition in 18 U.S.C. § 16(a), which defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

robbery.**²** Thus, neither *Nieves-Medrano* nor the sole case on which it relied demonstrates that we considered, at all, whether section 215(a) requires the use of *violent* force. *Johnson*—and the violence requirement that it announced—thus fatally undermined our decision in *Nieves-Medrano*, and we must consider anew whether California carjacking, after *Johnson*, qualifies as a crime of violence. *See United States v. Molinar*, 876 F.3d 953, 958 (9th Cir. 2017) (holding that *Johnson* "effectively overruled" our decision in *United States v. Taylor*, 529 F.3d 1232 (9th Cir. 2008), by changing the crime-of-violence analysis); *United States v. Flores-Cordero*, 723 F.3d 1085, 1088 (9th Cir. 2013) ("We must now [after *Johnson*] conclude that conviction of 'resisting arrest' under Arizona law is not categorically a crime of violence within the meaning of federal law, and that our decision in *Estrada-Rodriguez[ v. Mukasey*, 512 F.3d 517 (9th Cir. 2007)], to the extent it suggests otherwise, has been superseded by controlling, intervening authority.").

To decide whether California carjacking constitutes a crime of violence after *Johnson*, we employ the categorical approach. That is, we consider whether *every* violation of the statute *necessarily* involves violent force. *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013). In that inquiry, we look at "both the text of the state statute and the state courts' interpretations of the statute's terms," and we treat state cases examining "the outer contours of the conduct criminalized by

---

**²** We do not opine today on whether *Becerril-Lopez* remains controlling law after *Johnson*. Our post-*Johnson* decision in *United States v. Flores-Mejia*, 687 F.3d 1213, 1214 (9th Cir. 2012), suggests that it might. What matters here, though, is only that *Becerril-Lopez* did not explore expressly what level of violence the California robbery law requires.

the state statute" as "particularly important." *United States v. Strickland*, 860 F.3d 1224, 1226–27 (9th Cir. 2017) (internal quotation marks omitted).

Recently, in *People v. Hudson*, 217 Cal. Rptr. 3d 775, 782 (Ct. App. 2017), the California Court of Appeal clarified the level of "force or fear" required to sustain a state conviction for carjacking. The court explained that California carjacking "requires only force in excess of that required to seize the vehicle," however slight that may be. *Id.* Beyond that, the amount of force used is irrelevant. *People v. Lopez*, 214 Cal. Rptr. 3d 618, 622 (Ct. App. 2017). California's carjacking statute thus does not require the violent force that *Johnson* demands of a crime of violence.

*Hudson*'s facts are illustrative. There, the defendant took a car from a car dealership. *Hudson*, 217 Cal. Rptr. 3d at 776. As the defendant began to drive the car away, an employee tried to stop him by banging on the trunk, opening the driver's door, and trying to grab the defendant. *Id.* at 776–77. There was no evidence that the defendant drove the car forcefully or fast. *Id.* at 777. But the movement of the car at about 5 to 10 miles per hour, while the dealership employee was attempting to stop the defendant, was sufficient "force" to support a conviction. *Id.* That was so because, in California, "the application of force inherent [in driving a vehicle away]" is enough to sustain a carjacking conviction, whenever the victim puts up the slightest resistance. *Id.* at 782; *see also People v. Magallanes*, 92 Cal. Rptr. 3d 751, 755 (Ct. App. 2009) ("Defendant's action of attempting to drive away . . . was sufficient."). It thus cannot be said that California carjacking requires the use of *violent* force. As *Hudson* shows, one can satisfy section 215(a)'s force requirement by driving a car at a slow speed—i.e., at a non-

violent speed—and without harming a person or property. Because California carjacking does not require the violent force that *Johnson* demands, California carjacking is not a crime of violence under 8 U.S.C. § 1101(a)(43)(F).

Our recent holding in *United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2017) (per curiam), is not to the contrary. There, we held that the *federal* offense of carjacking is a crime of violence under 18 U.S.C. § 924(c). *Id.* at 1257. But the federal definition of carjacking is quite different from California's definition:

> Whoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle . . . from the person or presence of another *by force and violence or by intimidation*, or attempts to do so, shall [be punished according to law].

18 U.S.C. § 2119.

As we observed in *Gutierrez*, carjacking "committed 'by force *and* violence' . . . obviously qualifies as a crime of violence under the *Johnson* standard." 876 F.3d at 1256 (emphasis added). But a person need not use force *and* violence to commit California carjacking. Rather, a person need use only more force than that required to seize the vehicle. *Hudson*, 217 Cal. Rptr. 3d at 782. And, for the reasons explained above, that quantum of force does not always involve the element of violence that *Johnson* requires.

Similarly, our decision in *United States v. Ayala-Nicanor*, 659 F.3d 744 (9th Cir. 2011), does not require a different result here. There, we held that *Johnson* did not undermine

our decision in *United States v. Laurico-Yeno*, 590 F.3d 818 (9th Cir. 2010), which held that a California statute criminalizing the infliction of corporal injury on certain relatives was a "crime of violence" under U.S.S.G. § 2L1.2. But in *Laurico-Yeno*, unlike in *Nieves-Medrano*, the opinion extensively considered the degree of violence required to commit the crime, concluding that the statute at issue required intentional, active violence sufficient to inflict trauma on another person. *Laurico-Yeno*, 590 F.3d at 821. Thus, *Johnson* did not "effectively overrule" *Laurico-Yeno* because, in *Laurico-Yeno*, we *already* had conducted the violence analysis that *Johnson* would later require. Here, both the statute at issue and our pre-*Johnson* analysis of it differ significantly from the statute at issue in *Laurico-Yeno* and our pre-*Johnson* analysis of it.[3]

## B.  *Theft Offense*

In reviewing a petition, we "consider only the grounds relied upon by the BIA." *Singh v. Holder*, 649 F.3d 1161, 1164 n.6 (9th Cir. 2011) (en banc) (internal quotation marks omitted).  When the BIA's decision "cannot be sustained upon its reasoning, we must remand to allow the agency to

---

[3] *Ayala-Nicanor*'s additional suggestion that *Johnson* should not apply to the term "violence" in 18 U.S.C. § 16, *Ayala-Nicanor*, 659 F.3d at 751 n.3, is in tension with our later decision in *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 854 (9th Cir. 2013), where we held clearly that *Johnson*'s definition of violence applies in the 18 U.S.C. § 16 context. Because the issue of *Johnson*'s applicability to § 16 was not "presented for review" in *Ayala-Nicanor*—a case that concerned only the term "crime of violence" as used *in the Sentencing Guidelines*—we consider its treatment of 18 U.S.C. § 16 non-binding dictum. *Barapind v. Enomoto*, 400 F.3d 744, 751 (9th Cir. 2005) (en banc) (per curiam).

decide any issues remaining in the case." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

Here, because the BIA disposed of Petitioner's appeal on the theory that California carjacking is a crime of violence, it did not consider the IJ's alternate holding that California carjacking qualifies as a theft offense. We therefore remand the case to the BIA for it to consider in the first instance whether Petitioner's carjacking conviction qualifies as a theft offense under 8 U.S.C. § 1101(a)(43)(G).

## CONCLUSION

California carjacking is not a crime of violence under 8 U.S.C. § 1101(a)(43)(F), and our holding to the contrary in *Nieves-Medrano* is no longer good law after *Johnson*. The question remains, though, whether California carjacking is a theft offense under 8 U.S.C. § 1101(a)(43)(G), and we remand the case for the BIA to consider that issue.

**Petition GRANTED; REMANDED.**