**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50191 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00260-AB |
| v. | |
| ROBERT VINCENT SALCEDO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted December 17, 2018**

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Robert Vincent Salcedo appeals from the district court's judgment and

challenges the 110-month sentence imposed following his guilty-plea conviction

for possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm but remand for the district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court to amend the judgment.

Salcedo argues that his prior conviction for carjacking under California Penal Code § 215 is not a crime of violence and, therefore, the district court erred in applying a base offense level of 22 under U.S.S.G. § 2K2.1(a)(3). This argument is foreclosed for Salcedo, who was sentenced prior to the August 1, 2016 amendment to the Guidelines' definition of generic extortion. *See United States v. Velasquez-Bosque*, 601 F.3d 955, 959 (9th Cir. 2010) (§ 215 is a categorical crime of violence because it criminalizes the same or less conduct as the combination of generic robbery and generic extortion); *see also United States v. Bankston*, 901 F.3d 1100, 1104 (9th Cir. 2018) (Amendment 798 to the Guidelines, which narrowed the definition of generic extortion, does not apply retroactively). Salcedo's argument that *Descamps v. United States*, 570 U.S. 254 (2013), is clearly irreconcilable with *Velasquez-Bosque* or with the case on which it relies, *United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008), is also foreclosed. *See United States v. Chavez-Cuevas*, 862 F.3d 729, 740 (9th Cir. 2017) ("*Descamps* did not impliedly abrogate *Becerril-Lopez*"), *cert. denied*, 138 S. Ct. 1179 (2018). Nor does *Solorio-Ruiz v. Sessions*, 881 F.3d 733 (9th Cir. 2018), compel a different result because the statute at issue there, 18 U.S.C. § 16(a), does not contain an enumerated offense clause. *See United States v. Flores-Mejia*, 687 F.3d 1213-1215-16 (9th Cir. 2012).

16-50191

Salcedo next contends, and the government concedes, that the case should be remanded to conform the written judgment to the oral pronouncement of sentence. We agree. We remand to the district court to amend the judgment to conform to the court's oral pronouncement that the sentence in this case is to run concurrently to Salcedo's state sentence. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

**AFFIRMED; REMANDED to correct the judgment.**