**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBA LUZ MALDONADO-MENDOZA, | No. 17-73161 |
| Petitioner, | Agency No. A078-283-413 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Alba Luz Maldonado-Mendoza, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's order denying her motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny the petition for review.

The agency did not err or abuse its discretion in denying Maldonado-Mendoza's motion to reopen based on lack of notice, where the record indicates that the notice of hearing was properly served by mail on her counsel of record at the time. *See* 8 U.S.C. § 1229a(b)(5)(A); 8 C.F.R. § 1003.26(c)(2) (notice is sufficient for in absentia purposes when written notice is "provided to the alien or the alien's counsel of record"); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (notice of hearing is properly served if it is served on alien's counsel of record). Because service on her counsel of record is dispositive, we do not reach Maldonado-Mendoza's contentions regarding whether she rebutted the presumption of service by mail of the notice of hearing to her last reported address. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

To the extent Maldonado-Mendoza contends her in absentia order should be rescinded due to ineffective assistance of counsel, that contention is not properly before us. *See Solorio-Ruiz v. Sessions*, 881 F.3d 733, 738 (9th Cir. 2018) (review is limited to the grounds relied upon by the BIA).

17-73161

The agency did not err or abuse its discretion in denying Maldonado-Mendoza's motion to reopen based on changed country conditions, where she did not establish prima facie eligibility for asylum. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief to warrant reopening based on changed country conditions); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (an applicant must generally show an individualized, rather than a generalized, risk of persecution to establish prima facie eligibility for asylum or withholding). Maldonado-Mendoza's contention that the BIA improperly required her to show conclusive evidence of future persecution is not supported by the record.

The BIA did not engage in impermissible factfinding, where the BIA properly accepted the facts in Maldonado-Mendoza's affidavit regarding her asylum claim as true and determined that her evidence was insufficient to warrant reopening. *See* 8 C.F.R. § 1003.2(c)(1); *Bhasin*, 423 F.3d at 987.

**PETITION FOR REVIEW DENIED.**