# Matter of Omar A. VALENZUELA, Respondent

*Decided November 19, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's conviction for carjacking under section 215(a) of the California Penal Code is categorically a conviction for an aggravated felony crime of violence under section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (2018).

FOR RESPONDENT:  Lacey N. Sipsey, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY:  John D. Holliday, Assistant Chief Counsel

BEFORE:  Board Panel:  MULLANE, MANN, RILEY, Appellate Immigration Judges.

RILEY, Appellate Immigration Judge:

This case was last before us on January 10, 2019, when we dismissed the respondent's appeal from an Immigration Judge's decision after concluding that his conviction for carjacking in violation of section 215(a) of the California Penal Code was a conviction for an aggravated felony that rendered him removable as charged.  This case is now before us on remand from the United States Court of Appeals for the Ninth Circuit for further consideration of the respondent's removability and other issues.  The appeal will again be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States in 1999 on a nonimmigrant visitor visa.  In 2013, he was convicted of carjacking in violation of section 215(a) of the California Penal Code and sentenced to 5 years of imprisonment.  Based on this conviction, he was placed in removal proceedings and charged with removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as a respondent convicted of an aggravated felony crime of violence for which the term of imprisonment is at least 1 year as defined in section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2012).  This charge was later withdrawn and replaced with a charge of removability under the same provision, but for an aggravated felony theft

offense under section 101(a)(43)(G) of the Act. He was also charged with removability under section 237(a)(1)(B) of the Act, as a respondent present in the United States in violation of law.

The Immigration Judge sustained the charge of removability under section 237(a)(1)(B) and found that the respondent's carjacking offense was an aggravated felony theft offense that rendered him removable under section 237(a)(2)(A)(iii) of the Act. The respondent declined to apply for any form of relief or protection from removal and affirmatively waived any application for protection under the Convention Against Torture, and the Immigration Judge ordered him removed to Mexico.

We dismissed the respondent's appeal from the Immigration Judge's decision, concluding that his carjacking offense under California law was categorically an aggravated felony theft offense under section 101(a)(43)(G). We did not address whether his offense was an aggravated felony crime of violence under section 101(a)(43)(F).

The respondent filed a petition for review with the Ninth Circuit, which granted the Government's unopposed motion to remand. In its motion, the Government requested that we further consider whether the respondent's carjacking offense is an aggravated felony theft offense under section 101(a)(43)(G) and address any other issues relevant to the disposition of this case. Following remand, the respondent argues that his carjacking offense is not an aggravated felony theft offense, and thus does not render him removable under section 237(a)(2)(A)(iii) of the Act or ineligible for relief or protection from removal. He requests that we remand the record to allow him to apply for relief before the Immigration Judge in the first instance.

The parties do not dispute that the respondent remains removable as charged pursuant to section 237(a)(1)(B) of the Act. Thus, we need not address whether he was convicted of an aggravated felony theft offense that renders him removable under section 237(a)(2)(A)(iii) of the Act. The only remaining issue is whether the respondent is eligible for relief or protection from removal such that remand is warranted.

For the reasons explained below, the respondent's carjacking conviction is categorically a conviction for an aggravated felony crime of violence under section 101(a)(43)(F). In light of this conviction and the length of the sentence imposed, the respondent is statutorily ineligible for relief and protection from removal. Because the respondent is removable, ineligible for relief and protection, and affirmatively waived any application for protection from removal under the Convention Against Torture, we will deny his request for remand and dismiss his appeal.

## II. ANALYSIS

Section 101(a)(43)(F) of the Act incorporates by reference 18 U.S.C. § 16(a) (2018), which defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." To determine whether the respondent's carjacking offense is an aggravated felony, we "employ a 'categorical approach' to determine whether [this] offense is comparable" to a crime of violence under § 16(a). *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). Under this approach, we focus solely on whether the elements of the respondent's statute of conviction match the elements of a crime of violence. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). In so doing, we focus on whether the minimum conduct that has a realistic probability of being prosecuted under the statute of conviction falls within the definition of a crime of violence. *Moncrieffe*, 569 U.S. at 191.

Section 215(a) of the California Penal Code provides:

> "Carjacking" is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear.

The Ninth Circuit has issued several precedents analyzing whether carjacking under section 215(a) of the California Penal Code is a crime of violence. This case law has evolved over time as the Supreme Court and the Ninth Circuit have refined the definition of a crime of violence under § 16(a), other Federal statutes, and the United States Sentencing Guidelines.

The Ninth Circuit first held that a conviction for carjacking under section 215 of the California Penal Code is categorically a conviction for a crime of violence under section 101(a)(43)(F) of the Act in *Nieves-Medrano v. Holder*, 590 F.3d 1057, 1058 (9th Cir. 2010), *abrogated by Solorio-Ruiz v. Sessions*, 881 F.3d 733 (9th Cir. 2018), *abrogated by Stokeling v. United States*, 139 S. Ct. 544 (2019). In *Nieves-Medrano*, the court noted it had previously held that robbery in violation of section 211 of the California Penal Code is a categorical crime of violence under the Federal sentencing guidelines. *Id.* at 1057–58 (citing *United States v. Becerril-Lopez*, 541 F.3d 881, 893 (9th Cir. 2008), *superseded by regulation on other grounds as recognized in United States v. Bankston*, 901 F.3d 1100, 1103–04 (9th Cir. 2018)).[1] Because the "same elements that make [section] 211 a crime of

---

[1]　In *Becerril-Lopez*, the court analyzed whether California robbery was a crime of violence under section 2L1.2 of the United States Sentencing Guidelines, not § 16(a). The

violence"—specifically, the "felonious taking of property in the presence of another 'by means of force or fear'"—are present in section 215, the court concluded that a conviction for carjacking under the latter provision is a conviction for a crime of violence under § 16(a). *Id.* at 1058.

Following *Nieves-Medrano*, the Supreme Court issued *Johnson v. United States*, 559 U.S. 133 (2010), which addressed the degree of force necessary to commit a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i) (2006). Section 924(e)(2)(B)(i) defines a "violent felony" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." For purposes of this provision, the Supreme Court held that "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 599 U.S. at 140. In *Matter of E. Velasquez*, 25 I&N Dec. 278, 282 (BIA 2010), we held that *Johnson*'s interpretation of the "physical force" requirement in § 924(e)(2)(B)(i) "controls our interpretation" of the "physical force" requirement in § 16(a). *See also Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131 (9th Cir. 2016) (relying on *Johnson* in interpreting § 16(a)).

In light of *Johnson*, the Ninth Circuit abrogated its holding in *Nieves-Medrano* that carjacking under section 215 is a crime of violence. *See Solorio-Ruiz*, 881 F.3d at 736 ("*Nieves-Medrano* cannot stand in light of *Johnson*."). The court concluded that "California's carjacking statute . . . does not require the violent force that *Johnson* demands of a crime of violence" because "'the application of force inherent [in driving a vehicle away]' is enough to sustain a carjacking conviction [under section 215(a)], *whenever the victim puts up the slightest resistance*." *Id.* at 737 (first alteration in original) (emphasis added) (citation omitted).[2] While *Solorio-Ruiz* was controlling precedent, a carjacking offense under section

---

court in *Nieves-Medrano* recognized that the definition of a crime of violence at section 2L1.2 "differs slightly from" the one at § 16(a), because while the former is limited to offenses "against the person of another," the latter reaches offenses "against the person *or property* of another." 590 F.3d at 1058 (quoting U.S. Sentencing Guidelines Manual § 2L1.2 cmt. 1 (U.S. Sentencing Comm'n 2008) and 18 U.S.C. § 16(a) (2006)). However, it stated there was "no meaningful distinction" between these provisions in determining whether the offense was an aggravated felony under section 101(a)(43)(F). *Id.*

[2] In support of this conclusion, the court cited State case law for the proposition that "California carjacking 'requires only force in excess of that required to seize the vehicle,' however slight that may be." *Solorio-Ruiz*, 881 F.3d at 737 (quoting *People v. Hudson*, 217 Cal. Rptr. 3d 775, 782 (Cal. Ct. App. 2017)). In *Hudson*, the defendant was convicted of violating section 215(a) after he drove a car away from a dealership "at about 5 to 10 miles per hour, while the dealership employee was attempting to stop [him]." *Id.* (citing *Hudson*, 217 Cal. Rptr. 3d at 777). The court found it significant that the defendant in *Hudson* satisfied section 215(a)'s "force requirement," even though he drove the car "at a slow speed—i.e., at a nonviolent speed—and without harming a person or property." *Id.*

215(a) did not qualify as an aggravated felony crime of violence under section 101(a)(43)(F) within the jurisdiction of the Ninth Circuit.

After *Solorio-Ruiz*, the Supreme Court held in *Stokeling*, 139 S. Ct. at 555, that the "violent force" necessary to commit a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i)—that is, "force capable of physical pain or injury"—"includes the amount of force necessary to *overcome a victim's resistance*." (Emphasis added.) The Court noted its holding "comports with *Johnson*" because "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*, and 'suggest[s] a degree of power that would not be satisfied by the merest touching.'" *Id.* at 552–53 (alteration in original) (quoting *Johnson*, 559 U.S. at 139).

In *United States v. Baldon*, the Ninth Circuit concluded that "*Solorio-Ruiz* is clearly irreconcilable with the Supreme Court's decision in *Stokeling*" because the Court's decision abrogated the "analytical distinction between substantial and minimal force" that was central to the court's reasoning in *Solorio-Ruiz*. 956 F.3d 1115, 1120–21 (9th Cir. 2020). "As a result, *Solorio-Ruiz*'s holding is no longer good law." *Id.* at 1121. Nevertheless, the court concluded that its prior holding in *Nieves-Medrano* that California carjacking was a crime of violence did not control in the Federal sentencing context. The court reached this conclusion for two reasons. First, the court noted that it recently abrogated *Becerril-Lopez*, the sentencing case on which *Nieves-Medrano* had relied. Second, the court's "legal conclusion in *Nieves-Medrano* rested on a crime of violence definition" under § 16(a) that was "broader than the one applicable" to the case before it: the definition at section 4B1.2(a) of the Federal sentencing guidelines. *Id.* at 1122.

This provision defines a crime of violence, in relevant part, as an offense that "has as an element the use, attempted use, or threatened use of physical force against *the person of another*." U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) (U.S. Sentencing Comm'n 2018) (emphasis added). Because "section 215 may be violated through fear of injury to property alone, without any fear of injury to a person," the court found that "the statute 'criminalizes a broader range of conduct than the federal [sentencing] definition captures.'" *Baldon*, 956 F.3d at 1123–24 (citation omitted). The court therefore found that section 215 is not a categorical match for the definition of a crime of violence at section 4B1.2(a)(1) of the sentencing guidelines.

Although *Baldon* controls in the sentencing context, it did not address the relevant issue in this case: whether carjacking under section 215(a) of the California Penal Code is a crime of violence under § 16(a), and thus an aggravated felony under section 101(a)(43)(F) of the Act. Unlike the sentencing guidelines' definition of a crime of violence at section 4B1.2(a)(1), which does not encompass crimes against property, the

definition at § 16(a) explicitly reaches crimes "against the person *or property* of another." 18 U.S.C. § 16(a) (emphasis added). Thus, although a "carjacking accomplished by fear of injury to property" falls outside the definition of a crime of violence at section 4B1.2(a)(1), it falls squarely within the broader definition of a crime of violence at § 16(a), which covers crimes against both persons and property. *Baldon*, 956 F.3d at 1125; *see also id.* at 1122 (providing that the crime of violence definition at § 16(a) is "broader than the one" in the sentencing guidelines).

Because the respondent's statute of conviction "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," we hold that his conviction for carjacking under section 215(a) of the California Penal Code is categorically one for a crime of violence under § 16(a). Pursuant to *Stokeling*, the degree of force necessary to accomplish a carjacking under California law—that is, force necessary to overcome a victim's resistance—satisfies the "physical force" requirement of § 16(a), and the Ninth Circuit's decision in *Solorio-Ruiz* is no longer controlling. *Baldon*, 956 F.3d at 1121. The respondent does not dispute that his State crime—for which he was sentenced to 5 years of imprisonment— is one "for which the term of imprisonment [is] at least one year" as required by section 101(a)(43)(F) of the Act.

Consequently, remand is not warranted in this case. The respondent is removable as charged under section 237(a)(1)(B) of the Act, his conviction for an aggravated felony renders him ineligible for relief and protection from removal,[3] and he affirmatively waived his opportunity to seek deferral of removal under the Convention Against Torture. *See* 8 C.F.R. § 1208.17 (2021). Accordingly, his appeal will again be dismissed.

**ORDER:** The respondent's appeal is dismissed.

---

[3] The respondent did not specify the forms of relief or protection from removal he would seek on remand. However, his aggravated felony conviction, for which he was sentenced to 5 years in prison, renders him ineligible for asylum, withholding of removal under the Act and the Convention Against Torture, cancellation of removal, and voluntary departure. *See* sections 208(b)(2)(A)(ii), (B)(i), 240A(b)(1)(C), 240B(b)(1)(C), 241(b)(3)(B) of the Act, 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i), 1229b(b)(1)(C), 1229c(b)(1)(C), 1231(b)(3)(B) (2018); 8 C.F.R. § 1208.16(d)(2) (2021). There is also no indication that the respondent has satisfied the prerequisites for adjustment of status.