NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BELINDA RODRIGUES; FRAZIER ATAIDE, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-70143 <br><br> Agency Nos.   A089-703-441 <br>                   A089-703-442 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 21, 2021
San Francisco, California

Before: MURGUIA, Chief Judge, and WALLACE and BEA, Circuit Judges.

Petitioner Belinda Rodrigues is a native and citizen of India.[1]  Rodrigues

petitions for review of the Board of Immigration Appeals' ("BIA") decision to

dismiss her appeal and affirm an Immigration Judge's ("IJ") order denying her

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Petitioner Frazier Ataide is a derivative beneficiary on Rodrigues's asylum application.  Like the parties, we refer only to Rodrigues in this memorandum disposition.

claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the basis that she suffered and will suffer persecution on account of her religion or political opinion. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we grant and remand the petition to the BIA for a renewed credibility determination.

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). The substantial-evidence standard is "extremely deferential," *Wang v. INS*, 352 F.3d 1250, 1257 (9th Cir. 2003) (quoting *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003)), and we "must uphold the agency determination unless the evidence *compels* a contrary conclusion," *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (emphasis added). "In reviewing an adverse credibility determination, we consider the 'reasons explicitly identified by the BIA'" and "the reasoning articulated in the IJ's . . . decision in support of those reasons." *Mukulumbutu*, 977 F.3d at 925 (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)).

Even under this extremely deferential standard, we do not "accept blindly an IJ's conclusion that a petitioner is not credible." *Giu v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002) (quoting *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir. 1996)). The REAL ID Act's requirement that inconsistencies "be considered in light of the 'totality of the circumstances, and all relevant factors' indicates that the agency has a duty to

2

consider a 'petitioner's explanation for a perceived inconsistency and other record evidence that sheds light on whether there is in fact an inconsistency at all.'" *Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1043, 1044 (9th Cir. 2010)).

If the agency's decision "cannot be sustained upon its reasoning," then "we must remand to allow the agency to decide any issues remaining in the case." *Id.* (quoting *Solorio-Ruiz v. Sessions*, 881 F.3d 733, 738 (9th Cir. 2018)).

1.     Substantial evidence does not support the agency's adverse credibility determination.  Rodrigues provided reasonable and plausible explanations for the omissions and discrepancies identified by the IJ.  And if an explanation is "reasonable and plausible," the agency "must provide a specific and cogent reason for rejecting it." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (quoting *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009)); *Soto-Olarte*, 555 F.3d at 1091 ("Because the BIA's opinion does not refer to the explanation that [petitioner] gave . . . and does not give the BIA's reasons for considering that explanation unpersuasive, the BIA's treatment of [petitioner's] explanation does not satisfy our precedential requirement.").  The IJ and the BIA, however, failed to provide "specific and cogent reasons" for rejecting Rodrigues's explanations. *Rizk*, 629 F.3d at 1088; *see also Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020) ("[O]missions are less probative of credibility than inconsistencies created by direct contradictions

3

in evidence and testimony." (quoting *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014)); *Lai*, 773 F.3d at 974 (reversing an adverse credibility determination based on an omission in part because the omitted information was supplemental rather than contradictory). Therefore, these purported omissions and discrepancies cannot serve as substantial evidence in support of the adverse credibility determination. *See Rizk*, 629 F.3d at 1088 (holding that "if the IJ *reasonably rejects* the [applicant's] explanation," then "the IJ may properly rely on the inconsistency as support for an adverse credibility determination") (emphasis added); *Shrestha*, 590 F.3d at 1040 (stating that an IJ may not "cherry pick solely facts favoring an adverse credibility determination while ignoring facts that undermine that result").[2] Therefore, we remand the petition to the agency for a renewed credibility determination. On remand, if the agency still rejects Rodrigues's explanations for the omissions and discrepancies in her evidence, it must at least "provide a specific and cogent reason" for doing so. *Rizk*, 629 F.3d at 1087.

2.   The BIA improperly found that Rodrigues failed to "meaningfully challenge" the IJ's decision to deny CAT relief. A petitioner need only raise and argue an issue before the BIA to satisfy the exhaustion requirement. *See Abebe v.*

---

[2] Because we determine that substantial evidence does not support the adverse credibility determination, which is dispositive, we need not address whether the BIA engaged in improper factfinding when it affirmed the IJ's adverse credibility determination.

*Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). Rodrigues properly raised her CAT claim before the BIA, and we have jurisdiction to review the agency's denial of CAT relief.

3.     To receive CAT relief, Rodrigues must establish that if she returns to India, she more likely than not will be "tortured" by government officials or with those officials' acquiescence to torture. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. § 208.16(c)(2)). "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. The BIA held that even if Rodrigues had meaningfully challenged the IJ's denial of CAT relief, she could not show that she was entitled to CAT relief: The IJ had made an adverse credibility determination and Rodrigues had not shown that she would be entitled to relief based on evidence other than the testimony that the IJ deemed not credible. Because the adverse credibility determination is not supported by substantial evidence, we remand Rodrigues's CAT claim to the agency for it to determine whether Rodrigues can meet her burden after a renewed credibility assessment.

**PETITION GRANTED AND REMANDED.**