**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO MANRIQUE GUTIERREZ, | Nos.    21-130 <br> 22-554 |
| *Petitioner*, | Agency No. <br> A092-081-582 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | OPINION |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2023
Pasadena, California

Before: Johnnie B. Rawlinson, Richard R. Clifton, and
Andrew D. Hurwitz, Circuit Judges.

Filed July 2, 2024

Opinion by Judge Clifton

# SUMMARY[*]

## Immigration

The panel granted in part, dismissed in part, and denied in part Sergio Manrique Gutierrez's consolidated petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal of an order by an immigration judge ("IJ") finding him removable for having been convicted of an aggravated felony crime of violence and for having been convicted of two crimes of moral turpitude, and remanded for further proceedings.

The panel held that Gutierrez's conviction for carjacking under Cal. Penal Code § 215(a) is not a categorical crime of violence because fear alone is enough to convict without the use, attempted use, or threatened use of physical force. Additionally, the generic crime of violence defined in 18 U.S.C. § 16(a) requires a higher level of intent for the use of force (purposeful or knowing) than does § 215 carjacking. The panel further held that the modified categorical approach is not applicable to a conviction under § 215(a), because the statute identifies just one set of elements to be proven and therefore is not a divisible statute. Accordingly, the panel reversed the BIA to the extent that it held Gutierrez is removable for having committed an aggravated felony crime of violence.

The panel remanded to the BIA to decide, in the first instance, whether Gutierrez is removable for having been convicted of two crimes involving moral turpitude. The

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

panel held, and the government had conceded, that the BIA erroneously found this argument waived.

The panel dismissed for lack of jurisdiction Gutierrez's petition for review of the IJ's sua sponte reopening of his case to consider a change in the law regarding whether carjacking constituted a crime of violence, because this court's review of the agency's discretion to reconsider or reopen on its own motion is limited to instances where the agency misconstrues the parameters of its authority and, as a consequence, does not truly exercise its discretion. The panel concluded that that was not the case here.

Finally, the panel denied Gutierrez's petition as to Gutierrez's remaining claims concerning the IJ's adverse credibility finding, the discretionary denial of his application for waiver of admissibility, the denial of protection under the Convention Against Torture, and the BIA's denial of his motion to reopen his case to consider new evidence that he was incompetent and to consider his ineffective assistance of counsel claim.

## COUNSEL

Harper Otawka (argued) and Olavo Michel, ABA Immigration Justice Project, San Diego, California, for Petitioner.

Gregory D. Mack (argued), Senior Litigation Counsel, Office of Immigration Litigation, Civil Division; Sebatino F. Leo, Assistant Director; Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

Vincent J. Brunkow (argued) and Karla Hartzler, Federal Public Defenders, Federal Defenders of San Diego Inc., San Diego, California, for Amicus Curiae Federal Defenders of San Diego Inc.

## OPINION

CLIFTON, Circuit Judge:

Sergio Manrique Gutierrez[1] petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal of an order of removal by an Immigration Judge ("IJ") based on Gutierrez's conviction of an aggravated felony crime of violence and for having been convicted of two crimes of moral turpitude. The BIA affirmed the IJ's holding that Gutierrez's California carjacking conviction is a categorical crime of violence. The BIA did not reach the second ground for removal, concluding that Gutierrez waived his challenge to the moral turpitude removal charge. Gutierrez separately petitions for review of the BIA's denial of his motion to reopen his appeal. The petitions were consolidated, and we have jurisdiction under 8 U.S.C. § 1252.

We conclude that California carjacking under Cal. Pen. Code § 215(a) is not a categorical crime of violence. We also conclude that the BIA erroneously determined that Gutierrez waived his challenge to the moral turpitude removal charge.

---

[1] Although in many Spanish-speaking countries, Manrique might be identified as the petitioner's primary family name, *see Santos v. Thomas*, 830 F.3d 987, 990 n.1 (9th Cir. 2016), the briefs filed in this case identify him as Gutierrez, so we do as well.

We grant the consolidated petition to that extent and remand the case to the BIA to decide, in the first instance, whether Gutierrez is removable for having been convicted of two crimes of moral turpitude.

Gutierrez also petitions for review of the IJ's order reopening his case to consider a change in the law. We lack jurisdiction over that issue and therefore dismiss his petition as to this claim.

Gutierrez further petitions for review of the agency's denial of his application for adjustment of status and waiver of inadmissibility under 8 U.S.C. § 1182(h), denial of protection from removal under the Convention Against Torture ("CAT"), and the agency's finding that Gutierrez was not credible. He also petitions for review of the BIA's denial of his motion to reopen his case to consider new evidence that he was incompetent and to consider his ineffective assistance of counsel claim. We deny the consolidated petition as to these claims.

## I. Background

The history of this case is unusually complicated. We describe as much as is necessary to resolve Gutierrez's current claims.

Gutierrez was born in El Salvador and entered the United States with his family in 1986 when he was three or four years old, becoming a lawful permanent resident shortly thereafter. In 2006, Gutierrez was convicted of carjacking under Cal. Pen. Code § 215(a). Based on that conviction, the government filed a Notice to Appear ("NTA") charging Gutierrez as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony crime of violence, as defined in 8 U.S.C. § 1101(a)(43)(F). The IJ

concluded that California carjacking is an aggravated felony crime of violence and sustained that charge of removal against Gutierrez. Gutierrez applied for asylum, withholding of removal, and CAT protection.

The government then amended the NTA to add new charges for removability "in lieu of the original charge[]" of committing an aggravated felony crime of violence.[2] The government instead sought to remove Gutierrez under 8 U.S.C. § 1227(a)(2)(A)(iii), alleging that Gutierrez's carjacking conviction was an aggravated felony theft offense, as defined in 8 U.S.C. § 1101(a)(43)(G). The IJ sustained that charge. The amended NTA also charged that Gutierrez was removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two or more crimes of moral turpitude. The government alleged that Gutierrez's Cal. Pen. Code § 215(a) carjacking conviction and Cal. Pen. Code § 484(a) petty theft conviction constituted crimes of moral turpitude, but the government failed to submit evidence that Gutierrez was convicted of petty theft. Because evidence of only one conviction was submitted, the IJ declined to sustain the two or more crimes of moral turpitude charge. Gutierrez then applied for a waiver of inadmissibility and an adjustment of status.

Gutierrez next filed a renewed motion to terminate his removal proceedings. The IJ granted Gutierrez's motion, holding that his carjacking conviction was not an aggravated

---

[2] The Government may have amended the NTA to omit the crime of violence charge considering *Solorio-Ruiz v. Sessions*, 881 F.3d 733, 737 (9th Cir. 2018) (holding that California carjacking is not a categorical crime of violence). As we explain below, we concluded in *United States v. Baldon*, 956 F.3d 1115, 1121-22 (9th Cir. 2020), that *Solorio-Ruiz* "is no longer good law."

felony theft offense or a crime involving moral turpitude. The government timely moved for reconsideration and amended the NTA to include an additional charge that Gutierrez's carjacking conviction was an aggravated felony crime of violence warranting removal. The IJ construed the government's motion to reconsider "as a motion to reopen due to a fundamental change in the law" and granted that motion.

Gutierrez again moved to terminate the case, arguing that under *United States v. Baldon*, 956 F.3d 1115 (9th Cir. 2020), Cal. Pen. Code § 215(a) carjacking is not a categorical crime of violence. The IJ denied Gutierrez's motion to terminate and sustained the crime of violence charge based on his carjacking conviction. The IJ also sustained the moral turpitude charge based on Gutierrez's convictions for carjacking and petty theft.[3] The IJ further determined that Gutierrez was not credible and denied his applications for waiver of inadmissibility, adjustment of status, and CAT protection. Gutierrez timely appealed to the BIA.

The BIA dismissed Gutierrez's appeal, holding that the IJ did not improperly reopen Gutierrez's case and that California carjacking is a crime of violence. The BIA declined to address whether Gutierrez was removable for having been convicted of two crimes of moral turpitude. The BIA also declined to address Gutierrez's application for waiver of inadmissibility, stating that it would have denied

---

[3] The IJ never addressed whether Gutierrez was removable for having been convicted of an aggravated felony theft offense. We have since held that section 215 carjacking "is not a categorical match for a generic theft offense and thus is not an aggravated felony." *United States v. Orozco-Orozco*, 94 F.4th 1118, 1121 (9th Cir. 2024).

Gutierrez's application for adjustment of status as a matter of discretion. The BIA also affirmed the IJ's adverse credibility finding and denial of Gutierrez's application for CAT protection. Gutierrez petitioned this court for review, creating our Case No. 21-130.

Gutierrez retained new counsel and filed a motion to reopen before the BIA. The BIA again rejected Gutierrez's argument that California carjacking is not a crime of violence. The BIA also concluded that Gutierrez "raise[d] no argument in his motion regarding his removal under [8 U.S.C. § 1227 (a)(2)(A)(ii)]" for having been convicted of two or more crimes of moral turpitude. The BIA also declined to reopen Gutierrez's case to consider new evidence that he was mentally incompetent and had received ineffective assistance of counsel. Gutierrez again petitioned this court for review, creating our Case No. 22-554. Gutierrez's petitions in Case No. 21-130 and 22-554 were consolidated.

In his consolidated petition, Gutierrez argues: (1) California carjacking is not an aggravated crime of violence; (2) the BIA erroneously held that he waived any challenge to the moral turpitude removal charge; (3) the IJ abused its discretion in reopening his case sua sponte; and (4) the agency abused its discretion in finding he was not credible, in denying his application for waiver of inadmissibility, in denying his application for CAT protection, and in denying his motion to reopen to consider new evidence of incompetence and his ineffective assistance of counsel claim. We address each argument in turn.

## II. Crime of Violence

Gutierrez argues that California carjacking, the crime of which he was convicted, is not an aggravated felony crime

of violence. We review whether a conviction qualifies as an aggravated felony de novo. *Rendon v. Holder*, 764 F.3d 1077, 1082 (9th Cir. 2014). We apply the categorical approach when determining whether a conviction constitutes an aggravated felony crime of violence under 18 U.S.C. § 16(a). *See Taylor v. United States*, 495 U.S. 575, 600 (1990). "Under the categorical approach, we compare the elements of each offense with the federal definition of 'crime of violence' to determine whether the [state] offense criminalizes a broader range of conduct than the federal definition captures." *Baldon*, 956 F.3d at 1120 (quoting *United States v. Edling*, 895 F.3d 1153, 1155 (9th Cir. 2018)). "If the state offense proscribes conduct beyond the federal definition, it will not qualify as a crime of violence." *Id.* There must be "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). "Whether the noncitizen's actual conduct involved such facts 'is quite irrelevant.'" *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). We "pay particular attention to cases 'that examine the *outer contours* of the conduct criminalized.'" *Baldon*, 956 F.3d at 1125 (quoting *United States v. Strickland*, 860 F.3d 1224, 1226 (9th Cir. 2017)).

We do not write on a blank slate. Our court previously held that California carjacking is not a categorical crime of violence. *See Solorio-Ruiz v. Sessions*, 881 F.3d 733 (9th Cir. 2018), *abrogated in part by Stokeling v. United States*, 139 S. Ct. 544 (2019), *as recognized by Baldon*, 956 F.3d at 1121-22. In reaching that conclusion, *Solorio-Ruiz* relied on *Johnson v. United States*, 559 U.S. 133, 140 (2010), which held that the physical force required to commit a crime of violence must be "*violent* force—that is, force capable of

causing physical pain or injury to another person." Applying the categorical approach, *Solorio-Ruiz* concluded that "California carjacking 'requires only force in excess of that required to seize the vehicle,' however slight that may be," and "[b]eyond that, the amount of force used is irrelevant." 881 F.3d at 737 (quoting *People v. Lopez*, 8 Cal. App. 5th 1230 (2017)). Thus, under *Solorio-Ruiz*, California carjacking was not a categorical crime of violence because it "does not require the violent force that *Johnson* demands." *Id.*

Shortly after *Solorio-Ruiz* was decided, the Supreme Court revisited *Johnson*, and held that "violent force" means force sufficient to "[overcome] a victim's resistance, 'however slight' that resistance might be." *Stokeling*, 139 S. Ct. at 550. The Court explained that "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*, and 'suggest[s] a degree of power that would not be satisfied by the merest touching.'" *Id.* at 553 (quoting *Johnson*, 559 U.S. at 139). Thus, under *Stokeling*, the "altercation need not cause pain or injury or even be prolonged; it is the physical contest between the criminal and the victim that is itself 'capable of causing physical pain or injury.'" *Id.* (quoting *Johnson*, 559 U.S. at 140).

Following up on *Stokeling*, *Baldon* held that the Supreme Court's "clarification of 'violent force' (any force sufficient to overcome a victim's physical resistance) is 'clearly irreconcilable' with our reasoning in *Solorio-Ruiz*." 956 F.3d at 1121. Accordingly, *Baldon* concluded that "*Solorio-Ruiz*'s holding is no longer good law." *Id.* Applying the categorical approach, *Baldon* then held that California carjacking is not a crime of violence in the sentencing context because "section 215 explicitly defines carjacking

more broadly than [U.S.S.G.] § 4B1.2(a)(1) by not limiting fear only to persons." *Id.* at 1124.

*Baldon* is not wholly dispositive of the crime of violence question in this case, however. *Baldon* is premised on a finding that carjacking can be committed by threatened use of physical force against property, which is not proscribed by the generic crime of violence in the sentencing guidelines. *Id.* at 1124. Conversely, the generic crime of violence at issue in this case *does* proscribe the use of force against property. *Compare* U.S.S.G. § 4B1.2 (proscribing "the use, attempted use, or threatened use of physical force against the person of another"), *with* 18 U.S.C. § 16(a) (proscribing "the use, attempted use, or threatened use of physical force against the person *or property* of another" (emphasis added)). Nonetheless, *Baldon* instructs our interpretation of Cal. Pen. Code § 215(a), especially as to its conclusions about California's application of section 215 and whether that statute is divisible. *See Baldon*, 956 F.3d at 1123-26. Those holdings are premised on statutory language identical to that in our case. *See id.*

Against this backdrop, we must again consider whether Cal. Pen. Code § 215(a) is a categorical crime of violence. Gutierrez argues that section 215 is overbroad because: (1) a defendant can be convicted of California carjacking on fear alone—force is not required as it is in the generic crime; and (2) California carjacking criminalizes the reckless use of force, while the generic crime requires purposeful or knowing use of force. We agree and grant Gutierrez's consolidated petition as to this claim.

*A. Fear*

Gutierrez argues that section 215 is overbroad because it proscribes the use of "force or fear," while section 16(a) only

proscribes the use of "force." He contends that a defendant can be convicted of California carjacking without having used force at all. "In determining whether section 215 is a categorical match, we consider the statute's text, and 'we may [also] consider the interpretation of the statute provided by state courts.'" *Baldon*, 956 F.3d at 1123 (quoting *United States v. Perez*, 932 F.3d 782, 785 (9th Cir. 2019)).

We first turn to the text. "If a state statute expressly defines the crime more broadly than the generic federal offense, there is no categorical match." *United States v. Bautista*, 989 F.3d 698, 704 (9th Cir. 2021). "In the crime of violence context, we compare the state statute to 18 U.S.C. § 16(a), rather than a generic assault statute, and we will only find a categorical match if '*every* violation of the statute *necessarily* involves violent force.'"[4] *Amaya v. Garland*, 15 F.4th 976, 980 (9th Cir. 2021) (quoting *Flores-Vega v. Barr*, 932 F.3d 878, 883 (9th Cir. 2019)).

Section 16(a) defines the generic "crime of violence." It proscribes the "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The California carjacking statute proscribes

> the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with

---

[4] An "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii) is, among other things, a "crime of violence (as defined in [18 U.S.C. § 16], but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The Supreme Court declared section 16(b) unconstitutionally vague in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

> the intent to either permanently or
> temporarily deprive the person in possession
> of the motor vehicle of his or her possession,
> *accomplished by means of force or fear*.

Cal. Pen. Code § 215(a) (emphasis added).

On a plain reading, section 215 defines carjacking more broadly than section 16(a) by not requiring the use of force. Section 215 contains the disjunctive "or" between "fear" and "force," indicating that a defendant need not use force; accomplishing carjacking through fear alone is sufficient. California's model jury instructions, which "California courts routinely cite . . . authoritatively to interpret state statutes," confirm that reading. *Baldon*, 956 F.3d at 1124 n.7. The model jury instructions do not separate the "force or fear" clause into two elements; element four reads simply that "[t]he defendant used force or fear to take the vehicle or to prevent that person from resisting." Criminal Jury Instructions § 1650, at 1111 (Jud. Conf. of Cal. 2019). As *Baldon* explained, to convict a defendant for California carjacking, "jurors need not agree on whether defendant used force or fear—a jury can return a guilty verdict even if some jurors believe the defendant used force and others believe the defendant used fear." 956 F.3d at 1126 (internal quotation marks omitted).[5] Given the plain language of the statute, "no legal imagination is required to hold that a realistic probability exists," *see Chavez-Solis v. Lynch*, 803 F.3d 1004, 1009 (9th Cir. 2015) (internal quotation marks omitted), that California carjacking can be committed

---

[5] The jury instructions for section 215 carjacking have not been revised since *Baldon* was issued. *Compare* Criminal Jury Instructions § 1650, at 1111 (Jud. Conf. of Cal. 2019), *with* Criminal Jury Instructions § 1650, at 1121 (Jud. Conf. of Cal. 2024).

without the "use, attempted use, or threatened use of physical force." *Compare* Cal. Pen. Code § 215(a), *with* 18 U.S.C. § 16(a).

A "realistic probability" of overbreadth can also be shown if Gutierrez can "point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues."**[6]** *Baldon*, 956 F.3d at 1124 (quoting *Duenas-Alvarez*, 549 U.S. at 193). Gutierrez cites at least one California case upholding a carjacking conviction on fear alone. *See People v. Magallanes*, 173 Cal. App. 4th 529 (2009). In *Magallanes*, the victim "left the driver's side door open and the car engine running, and opened the rear passenger side door to put her son in his child car seat." *Id.* at 532. The defendant got into the driver's seat and "never turned around or said anything to [the victim]." *Id.* The victim was "scared, shocked, mad, and worried; she feared for her safety and the safety of her son." *Id.* She pulled her son from the car, "tried to open the front passenger door, which was locked, and banged on the door while screaming and cursing at [the] defendant," and the defendant drove away. *Id.* The court determined that "[n]o express threat is necessary to establish the victim's fear," and that the "evidence that the carjacking was accomplished by the use of fear was sufficient to support [the] defendant's conviction[.]" *Id.* at 534. The court did not hold that the defendant accomplished carjacking through force. *Id.*

---

[6] Gutierrez's own case does not help his argument. His actions were unquestionably violent: He put a knife to the driver's neck in order to take the car which he was convicted of carjacking. As noted above, though, his own conduct is irrelevant under the categorical approach. *See Moncrieffe*, 569 U.S. at 190.

The government argues that "[e]ither direct proof of fear or fear that may be inferred from the circumstances meet[s] the 'threatened use of force' component of 18 U.S.C. § 16(a)." That may be true, but the categorical approach requires examining the "*outer contours* of the conduct criminalized," *Baldon*, 956 F.3d at 1125, because "we must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized." *Moncrieffe*, 569 U.S. at 190-91 (internal quotation marks omitted). Simply put, the government's argument that California applies carjacking in a generic manner in *some* cases does not mean that there is not a "realistic possibility" that California "would apply its statute to conduct that falls outside the generic definition of [the] crime." *See id*. at 191 (quoting *Duenas-Alvarez*, 549 U.S. at 193). The government makes no argument whatsoever that the *Magallanes* court applied section 215 carjacking in a generic manner. Indeed, *Magallanes* rejected the proposition that the use of fear necessarily includes the threat of force, holding that a defendant need not "directly engage *or threaten* [the victim] in order to accomplish the carjacking through fear." 173 Cal. App. 4th at 534 (emphasis added).

Accordingly, we conclude that California carjacking is not a categorical crime of violence. The plain language of Cal. Pen. Code § 215(a) and *Magallanes* demonstrate that there is a "realistic probability, not a theoretical possibility," *see Duenas-Alvarez,* 549 U.S. at 193, that a defendant could be convicted of carjacking without the "use, attempted use, or threatened use of physical force against the person or property of another," *see* 18 U.S.C. § 16(a). Fear alone is enough to convict. *See Magallanes*, 73 Cal. App. 4th at 534.

### B. Mens Rea

Gutierrez also argues that section 215 carjacking is not a categorical match to the generic crime of violence because violations of section 215 "can be committed recklessly" while the generic offense requires that a defendant knowingly or purposefully used force. Gutierrez contends that because there is no *mens rea* requirement as to the "force or fear" element, section 215 is overbroad on its face—section 215 potentially proscribes reckless use of "force or fear." Gutierrez is correct. The generic crime of violence in section 16(a) requires a higher level of intent than section 215 carjacking.

In *Leocal v. Ashcroft*, the Supreme Court explained that the "key phrase in § 16(a)—the 'use . . . of physical force against the person or property of another'—most naturally suggests a higher degree of intent than negligent or merely accidental conduct." 543 U.S. 1, 9 (2004). We therefore held in *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc), that a crime of violence under section 16(a) "must involve the *intentional* use of force against the person or property of another" and does not "include offenses committed through the reckless, or grossly negligent, use of force." Later, in *Borden v. United States*, 141 S. Ct. 1817, 1828 (2021), the Supreme Court held that "[t]he 'against' phrase indeed sets out a *mens rea* requirement—of purposeful or knowing conduct."

*Leocal*, *Fernandez-Ruiz*, and *Borden* confirm that the generic crime of violence defined in section 16(a) requires a *mens rea* of purposeful or knowing. Section 16(a) does not "include offenses committed through the reckless, or grossly negligent, use of force." *Fernandez-Ruiz*, 466 F.3d at 1132. We therefore examine whether section 215 proscribes the

reckless or negligent "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). If it does, the statute is overbroad and not a categorical match.

On its face, Cal. Pen. Code § 215(a) does not require that a defendant intend to cause "force or fear." [7] Rather, a defendant must only "intend" to "deprive" a victim of their "motor vehicle." *Id*. That intent to deprive need only be "accomplished by means of force or fear," which is in a different clause than the word "intent" and separated by a comma. *Id*. A plain reading of the text demonstrates that the force element does not include a *mens rea* requirement. California's model jury instructions again confirm that interpretation. The "force or fear" element—that "[t]he defendant used force or fear to take the vehicle or to prevent that person from resisting"—does not include a *mens rea* requirement. Criminal Jury Instructions § 1650, at 1111. Whether the defendant purposefully or knowingly used force or fear is not required for a conviction. Indeed, the model jury instructions for section 215 only include a *mens rea* requirement as to the deprivation of the vehicle. *Id*. Element five provides: "When the defendant used force or fear to take the vehicle, (he/she) *intended* to deprive the other person of

---

[7] The statute provides:

> "Carjacking" is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear.

Cal. Pen. Code § 215(a).

possession of the vehicle either temporarily or permanently." *Id.* (emphasis added).

Gutierrez does not identify any California cases holding that carjacking proscribes the accidental use of force. This is likely because California courts do not examine the *mens rea* required for "force or fear." Instead, they focus on whether "force or fear" was objectively applied. *See Magallanes*, 173 Cal. App. 4th at 534 (examining the victim's actions to determine whether "force or fear" was applied and explaining that "[n]o express threat is necessary to establish the victim's fear"); *People v. Hudson*, 11 Cal. App. 5th 831, 840 (2017) (holding that "the willful application of force in effecting an escape is key, rather than the perpetrator's intent to apply force against a victim"). That California courts do not consider a defendant's *mens rea* as to that element further suggests that a defendant can be convicted for accidental or reckless use of "force or fear."

In lieu of carjacking cases, Gutierrez identifies cases concerning robbery under Cal. Pen. Code § 211. Gutierrez argues that section 211 robbery is an analogue to section 215 carjacking, and therefore robbery cases are instructive "in understanding the meaning of the elements of the carjacking statue." As we explained in *Baldon*, section 215 carjacking "'is a direct offshoot of robbery' and its statutory language 'tracks the language in the robbery statute.'" 856 F.3d at 1124 (quoting *People v. Lopez*, 79 P.3d 548, 553 (Cal. 2003)). "As relevant here, '[b]oth are accomplished by means of force or fear.'" *Id.* Section 211 robbery and section 215 carjacking are analogous for the relevant purpose of clarifying the outer contours of the carjacking statute.

A conviction for robbery under section 211 may be based on a defendant "*accidentally* using force." *United States v.*

*Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015). In *Dixon*, our court determined that section 211 robbery is not a categorical crime of violence when compared with the Armed Career Criminal Act of 1984's ("ACCA") analogous "violent felony" generic crime. *Id. Dixon* relied on *People v. Anderson*, 252 P.3d 968 (Cal. 2011), which involved a defendant who "broke into an unoccupied car that was parked in a parking garage," and "attempted to leave the garage, but could not because the gate was closed and he did not have a way to open it." *Dixon*, 805 F.3d at 1197. "After the gate opened, [the defendant] sped out of the garage in the stolen car, running over the car's owner in the process." *Id.* The defendant claimed that he accidentally ran over the owner. *Id.* The California Supreme Court upheld the defendant's robbery conviction, "ruling that [section 211] does not require finding the defendant acted with the intent to use force against another, as long as the defendant did use force against another person with the intent to steal." *Id.* In *Dixon*, we concluded that "*Anderson* thus delineates one narrow class of [section 211 robbery] violations that do not satisfy the ACCA's definition of 'violent felony': those in which . . . *the defendant uses force against a person, but only accidentally or negligently, rather than intentionally.*" *Id.* (emphasis added). Accordingly, *Dixon* held that section 211 robbery was broader than ACCA's generic crime of violence offense because it proscribed a broader *mens rea* with respect to "force*.*" *Id.* (concluding section 211 failed "the element test of 18 U.S.C. § 924(e)(2)(B)(i) as interpreted by *Lawrence* and *Leocal*").

Because "California courts construe section 215 alongside the robbery statute," *Baldon*, 956 F.3d at 1124, *Dixon* and *Anderson* suggest that section 215 carjacking, like section 211 robbery, includes a "narrow class" of violations

where a "defendant uses force against a person" with a *mens rea* less than the knowing or purposeful *mens rea* proscribed by the generic crime (as required by *Leocal*, *Fernandez-Ruiz*, and *Borden*). *See Dixon*, 805 F.3d at 1197. Therefore, given the lack of a *mens rea* requirement for the "force or fear" element, there is "a realistic probability, not a theoretical possibility," *see Duenas-Alvarez*, 549 U.S. at 193, that a defendant could be convicted of California carjacking for "a mere indifference to risk" rather than "a deliberate choice of wreaking harm on another." *See Borden*, 141 S. Ct. at 1830.

In sum, section 215 criminalizes carjacking committed through fear and without the use of force, as well as carjacking committed through the unintentional use of force. Section 16(a) proscribes only the purposeful or knowing "use, attempted use, or threatened use of physical force against the person or property of another." We therefore conclude that Cal. Pen. Code § 215(a) is not a categorical match to 18 U.S.C. § 16(a).

We further hold that the modified categorical approach is not applicable to a conviction under Cal. Pen. Code § 215(a). The "modified categorical approach" is available "only when a statute is divisible—i.e., lists multiple, alternative elements*,* and so effectively creates several different . . . crimes." *Rendon*, 764 F.3d at 1083 (internal quotation marks omitted). As *Baldon* explained, "[s]ection 215 contains several disjunctively worded phrases such as 'force or fear,' 'person or immediate presence,' and 'permanently or temporarily.'" 956 F.3d at 1126 (quoting Cal. Pen. Code § 215(a)). But "California model jury instructions for section 215 . . . show that these disjunctively worded phrases are in fact alternative means, not elements." *Id.*; *see also Dixon*, 805 F.3d at 1198 (holding that section

211 robbery is not divisible because "a jury must find that the elements are satisfied, but jurors need not agree on the disjunctively worded alternatives"). The modified categorical approach is inapplicable because "[s]ection 215 identifies just one set of elements for the government to satisfy and therefore is not a divisible statute." *United States v. Orozco-Orozco*, 94 F.4th 1118, 1127 n.7 (9th Cir. 2024).

Because Cal. Pen. Code § 215(a) is not a crime of violence under the categorical approach, the BIA erred in holding Gutierrez was removable on that ground.

## III. Moral Turpitude

The BIA affirmed Gutierrez's removal on the single ground of having been convicted of a crime of violence. The IJ sustained removal on one additional charge, that Gutierrez committed two or more crimes of moral turpitude (carjacking and petty theft) under 8 U.S.C. § 1227 (a)(2)(A)(ii). The BIA initially declined to "address whether the respondent [was] removable under [§ 1227 (a)(2)(A)(ii)]," perhaps because it sustained removal on the crime of violence charge. When Gutierrez moved to reopen and again argued that carjacking is not a crime of moral turpitude, the BIA erroneously found that Gutierrez "raise[d] no argument in his motion regarding his removal under [§ 1227 (a)(2)(A)(ii)]." The government now concedes that Gutierrez did not waive that argument. We therefore remand the case to the BIA for consideration of Gutierrez's challenge to the moral turpitude removal charge, the only removal charge remaining against him.

## IV. Sua Sponte Reopening

Gutierrez argues that the IJ's sua sponte reopening of his case was inconsistent with *Matter of G-D-*, 22 I&N Dec.

1132 (B.I.A. 1999). The IJ initially held that Gutierrez's carjacking conviction was not an aggravated felony theft offense under section 1227(a)(2)(A)(iii) or a crime involving moral turpitude under section 1227(a)(2)(A)(ii), and as such, DHS could not "satisfy its burden to demonstrate that [Gutierrez was] removable." Since those were the only two removal charges pending against Gutierrez, the IJ terminated the removal proceedings without prejudice. DHS timely moved to reconsider and asked the IJ to reinstate the "charge of removability as an alien convicted of an aggravated felony, crime of violence" under 8 U.S.C. § 1227(a)(2)(A)(iii). Citing *Matter of G-D-*, which held that the BIA "possesses discretion to reopen or reconsider cases sua sponte," 22 I&N Dec. at 1133, the IJ reopened the case due to a "fundamental change in the law." [8] Given its reference to *Matter of G-D-*, the IJ appears to have exercised its sua sponte authority to reopen the case. The BIA declined to exercise jurisdiction to hear Gutierrez's interlocutory challenge to the IJ's sua sponte reopening of his case. Later, on appeal from the IJ's removal order, the BIA upheld the sua sponte reopening.

We lack jurisdiction over claims that an IJ's sua sponte reopening "is inconsistent with [the BIA's] decisions in other cases." *Lona v. Barr*, 958 F.3d 1225, 1238 (9th Cir. 2020). "[R]eview of the [agency's] unfettered discretion to reconsider or reopen on its own motion is limited to instances where the agency misconstrues the parameters of

---

[8] The IJ initially granted DHS's motion and incorrectly deemed the motion unopposed. Gutierrez moved for reconsideration, correctly noting that he had timely opposed DHS's motion. The IJ then issued an amended order and again reopened the case for the same reasons given in its original order, without characterizing the DHS motion as unopposed.

its sua sponte authority based on legal or constitutional error and, as a consequence, does not truly exercise its discretion." *Id.* Here, the IJ did not misconstrue the parameters of its sua sponte powers, but rather exercised its discretion to use its sua sponte powers to reopen the case. *See Rubalcaba v. Garland*, 998 F.3d 1031, 1038 (9th Cir. 2021) (explaining that "sua sponte reopening does not require a motion, and has historically been permitted 'at any time'"). Indeed, when the IJ reopened Gutierrez's case, the governing regulation gave immigration judges broad sua sponte reopening powers. 8 C.F.R. § 1003.23(b)(1) ("An Immigration Judge may upon his or her own motion at any time, or upon motion of the Service or the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals.") (effective until Jan. 14, 2021). Accordingly, the petition is dismissed with respect to Gutierrez's claim that the IJ's sua sponte reopening of his case was improper.[9]

## V. Remaining Claims

Gutierrez also argues that: (1) the agency's adverse credibility finding was not supported by substantial evidence; (2) the agency erred in denying his application for a waiver of inadmissibility under 8 U.S.C. § 1182(h); (3) the

---

[9] Given that we lack jurisdiction to hear Gutierrez's challenge to the IJ's sua sponte reopening of his case, Gutierrez's res judicata argument must fail. Res judicata does not bar DHS from pursuing the removal charges currently against Gutierrez because a second case was never initiated— the IJ reopened the original case and permitted the original NTA to be amended. *Cf. Al Mutarreb v. Holder*, 561 F.3d 1023, 1031 (9th Cir. 2009) ("[R]es judicata bars [DHS] from 'initiating a second deportation case on the basis of a charge that [it] *could have brought* in the first case'" where "the first NTA was the subject of a final judgment on the merits.").

agency erroneously denied him CAT protection; (4) the BIA abused its discretion in not reopening the case to consider new evidence that he is personally incompetent; and (5) the BIA abused its discretion by not reopening the case based on ineffective assistance of counsel. **[10]** These arguments lack merit, and we deny the petition as to these claims.

## A. Credibility Finding

Gutierrez argues that the "IJ failed to articulate a legitimate basis to question [Gutierrez's] credibility and did not offer specific and cogent reasons for any stated disbelief." Adverse credibility determinations are reviewed for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We "reverse the BIA's decision only if the petitioner's evidence was 'so compelling that no reasonable factfinder could find that he was not credible.'" *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010). It is "only the most extraordinary circumstances [that] justify overturning an adverse credibility determination." *Shrestha*, 590 F.3d at 1041 (citation omitted).

The BIA affirmed the IJ's findings that Gutierrez's inconsistent testimony about his criminal record and his demeanor undermined his credibility. The BIA "provide[d] specific and cogent reasons in support of [its] adverse

---

[10] While recognizing that *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), and *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020), "foreclose the argument that his NTA failed to confer jurisdiction," Gutierrez, without elaborating, argues that he "preserves for further review the argument that those panel decisions were wrongly decided, and that—properly analyzed—his NTA did not give the immigration court jurisdiction over his removal proceedings." This argument lacks merit for the reasons articulated in *Karingithi*, and we do not address it further.

credibility determination." *Id.* at 1044. The BIA cited Gutierrez's inaccurate assertion—repeated both while testifying and on his application for adjustment of status— that he had never been convicted of petty theft. Gutierrez's inconsistent testimony about a conviction underlying one of the charges of removal brought against him is not "a mere trivial error such as a misspelling," and Gutierrez's explanation—that the average person would not be able to recall dates and times—is not a compelling explanation for that inconsistency. *See id.*

Further, as to demeanor, Gutierrez argues that the adverse credibility finding is flawed because the IJ "failed to consider the factor of nervousness and the role it likely played in Mr. Gutierrez's testimony." Gutierrez may have been nervous, but special deference is given to adverse credibility findings based on demeanor. *Ling Huang v. Holder*, 744 F.3d 1149, 1154 (9th Cir. 2014). Nervousness alone is not enough to overcome that deference—indeed, one of the reasons special deference is given is that whether a petitioner is "inordinately nervous" is "entirely unavailable to a reader of the transcript." *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 818 (9th Cir. 1994).

## B. Waiver of Inadmissibility

Gutierrez argues that the agency erred in denying his application for waiver of inadmissibility under 8 U.S.C. § 1182(h). But the BIA did not address that issue, holding instead that "even assuming that the respondent is not inadmissible under [8 U.S.C. § 1182(a)(2)(A)(i)(I)]—and therefore not required to seek a waiver of inadmissibility— we would nevertheless deny his application for adjustment of status in the exercise of discretion." Gutierrez does not dispute the BIA's discretionary denial of his application for

adjustment of status. Gutierrez has thus waived any challenge he might bring to the BIA's discretionary denial of removal relief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in noncitizen's opening brief are deemed waived); *see also Patel v. Garland*, 596 U.S. 328, 332 (2022) ("Because relief from removal is always 'a matter of grace,' even an eligible noncitizen must persuade the immigration judge that he merits a favorable exercise of discretion.").

### C. CAT Protection

Gutierrez argues that the agency erroneously denied Gutierrez CAT protection because his claim was too speculative. To obtain CAT protection, Gutierrez "must establish that it is more likely than not that [he] would be tortured" if returned to El Salvador. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). He must demonstrate that he faces a "particularized threat" of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008). Gutierrez contends that when he arrives in El Salvador, he will be identified as a rival gang member by Salvadoran gangs based on his tattoos, and the government or rival gangs will torture him as a result. Such a generalized fear does not support reversal of the agency's denial of CAT protection. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007) (holding evidence insufficient to compel CAT protection from El Salvador despite petitioner having gang tattoos)

Gutierrez also argues that the IJ improperly shifted the burden to him to show it was impossible to avoid torture by relocating elsewhere in El Salvador. The IJ did not place the burden on Gutierrez—instead, it simply found that "no evidence [had been] presented to the Court that Mr.

Gutierrez could not relocate to a place in El Salvador and live quietly there and not be harmed." "While petitioners seeking CAT relief are not required to prove that safe relocation would be factually impossible, they do 'carr[y] the overall burden of proof.'" *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022).

Gutierrez makes conclusory arguments that the IJ failed to properly consider hearsay evidence and other "possible sources of torture," and gave improper weight to Gutierrez not being well known in El Salvador. These arguments lack merit. The record reflects that the IJ considered all the evidence in denying Gutierrez CAT protection. Moreover, the IJ was not required to "discuss every piece of evidence" before it. *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) ("Because there is no evidence that the IJ failed to consider [petitioner's] documentary evidence, we accept the IJ's general statement that he considered all the evidence before him.").

### D. Incompetency Evidence

Gutierrez argues that the BIA abused its discretion in not reopening his case to consider a psychological evaluation by Dr. Julia Kuck that demonstrated indicia of incompetency. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2. Gutierrez was evaluated by Dr. Kuck in December 2020, prior to the filing of his appeal brief before the BIA. The BIA correctly concluded that Gutierrez had "not demonstrated why the information contained in his neuropsychiatric evaluation could not have been submitted at the time of his appeal." *See Najmabadi v. Holder*, 597

F.3d 983, 986 (9th Cir. 2010) (explaining that the BIA can deny a motion to reopen for "failure to introduce previously unavailable, material evidence" and that the agency has broad discretion to grant or deny such motions).

### E. Ineffective Assistance of Counsel

Gutierrez argues that the BIA abused its discretion by not reopening his case to consider his ineffective assistance of counsel claim. "A claim of ineffective assistance of counsel requires a showing of inadequate performance and prejudice." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam). To establish prejudice, Gutierrez must show "counsel's performance was so inadequate that it 'may have affected the outcome of the proceedings.'" *Id.* That "showing cannot be made unless a petitioner demonstrates, at a minimum, that the asserted ground for relief is at least plausible." *Id.*

Even if Gutierrez could demonstrate inadequate performance by his counsel below, he cannot make a sufficient showing of prejudice. *See id.* For example, Gutierrez argues that former counsel failed to produce an expert witness to testify on country conditions in El Salvador, which would have supported his application for CAT protection. But, as we have explained, the agency denied Gutierrez CAT protection because he failed to show a particularized threat of torture. Additional evidence from an expert witness regarding conditions in El Salvador would not have plausibly affected the agency's determination that Gutierrez did not face a particularized threat of torture. *See id.* Gutierrez similarly argues that former counsel discouraged him from seeking a hardship evaluation of his daughter, which would have supported his application for adjustment of status. Since the agency ultimately denied

adjustment of status as a discretionary matter, new evidence supporting Gutierrez's application for waiver of inadmissibility would not have plausibly changed that outcome either. *See id.*

## VI. Conclusion

We hold that California carjacking is not a crime of violence under 8 U.S.C. § 1101(a)(43)(F). We therefore grant the petition and reverse the BIA to the extent it held that Gutierrez is removable for having committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). We also hold that the BIA erroneously determined that Gutierrez waived his argument that he was not removable for having committed two crimes of moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii). We grant Gutierrez's petition as to that issue, vacate the BIA's holding, and remand for further consideration. Finally, we dismiss for lack of jurisdiction Gutierrez's challenge to the IJ's reopening of his case and deny Gutierrez's petition as to all remaining claims. The parties shall bear their own costs for this consolidated petition for review.

**CONSOLIDATED PETITION GRANTED in part, DISMISSED in part, DENIED in part; ORDERS REVERSED in part, VACATED in part, and REMANDED for further proceedings.**